UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWIN GOMEZ INFANTE, Petitioner, v. TODD BLANCHE, ACTING UNITED STATES ATTORNEY GENERAL, et al., Respondents. | Case No.: 26cv2554-LL-MSB<br>**ORDER GRANTING MOTION TO ENFORCE**<br>[ECF No. 13] |

Before the Court is Petitioner Edwin Gomez Infante's Motion to Enforce Order. ECF No. 13-1. Respondents filed a delayed response opposing the Motion due to an "administrative oversight." ECF Nos. 10, 16. Petitioner filed a Reply. ECF Nos. 14, 17. Upon the Court's review of the briefing, the Court ordered Respondents to supplement the record with the June 11, 2026 bond hearing transcript, which Respondents submitted on September 1, 2026. ECF Nos. 18, 19. For the reasons set forth below, the Court **GRANTS** the Motion.

## I. LEGAL STANDARD

"District courts have the authority to review compliance with prior orders granting habeas relief, including orders for bond hearings." *Bayani v. LaRose*, No. 26-CV-266-JES-VET, 2026 WL 1270059, at *3 (S.D. Cal. May 8, 2026) (citing *Leonardo v. Crawford*, 646 F.3d 1157, 1161 (9th Cir. 2011)). "[T]he Court retains jurisdiction to determine whether a

party has complied with its earlier habeas order." *Lara v. Bondi*, 26-CV-1125-RSH-BJW, 2026 WL 892021, at *2 (S.D. Cal. April 1, 2026) (citing *Leonardo*, 646 F.3d at 1160). When reviewing an immigration custody determination in habeas proceedings, the district court must apply an abuse of discretion standard. *Martinez v. Clark*, 124 F.4th 775, 784 (9th Cir. 2024) ("When questions require a close review of agency-found facts, like the 'dangerousness' determination [in an immigration custody hearing], we review for an abuse of discretion."). In doing so, the court "cannot reweigh evidence but can only determine whether the [IJ] applied the correct legal standard." *Id.* at 785.

## II. DISCUSSION

### 1. Petitioner's Bond Hearing

On June 5, 2026, this Court granted Petitioner's Petition for Writ of Habeas Corpus and ordered an individualized bond hearing before an immigration judge ("IJ"). ECF No. 10. The Court's Order stated that the IJ "SHALL consider alternatives conditions of release and Petitioner's ability to pay bond if he or she determines bond is appropriate." *Id.* (citing *Hernandez v. Sessions*, 872 F.3d 976, 990-91 (9th Cir. 2017)).

On June 11, 2026, an IJ held a bond hearing for Petitioner and found that Petitioner did not pose a danger to the community. However, the IJ found that Petitioner posed "a significant flight risk." ECF No. 13-5 at 3; *see also* ECF No. 19 at 8. Upon the Court's review of the transcript of the bond hearing, the IJ began the hearing by stating that "it appears the habeas put the burden on the government by clear and convincing evidence." *Id.* at 3. Then, the IJ admitted evidence and heard brief argument by counsel for both sides. ECF No. 19. The IJ ruled in relevant part as follows:

> The court is prepared to rule at this time. Of course, the court does consider the factors within *Matter of Guerra* in determining whether or not the [Petitioner] is a danger to the community or a flight risk. In this case, there's no indication that the [Petitioner] has a criminal record here or anywhere else in the country, and the court finds the burden -- the government has not met their burden of showing that the respondent is a danger to the community. Regarding flight risk, the government does raise numerous factors. The [Petitioner] does not have his own fixed address in the United States, he's only

> been here for a limited amount of time, since 2023. He doesn't have family ties in the United States, nothing that would entitle him to any sort of ability to adjust. The court has no records of employment. He has appeared at all hearings here, however, this has been in the detained setting. There is no criminal record, which is a positive factor in his favor. He did enter the country without authority in this case, in violation of immigration law, which is a negative factor against the [Petitioner]. He does have an order of removal. At this point, it does appear to be administratively final, however, I will certainly not weigh that, given counsel's assertions that he is filing an appeal that will likely be pending at the BIA. But the court does note that it appears -- relief appears to be limited at this point. Ultimately, considering all these factors, and the fact that the sponsor -- I certainly do respect the work that is done by this sponsor [Casa Marianella], but it is not a family or a friend that the person would necessarily feel a moral obligation to ensure that this person is paid back. It is just a larger charitable organization that is willing to sponsor the respondent. Ultimately, the court finds, given the state of the case, that there is significant flight risk. However, it can be mitigated with a bond of $21,000 and ATD at the discretion of DHS.

*Id.* at 7-8.

Petitioner filed the instant Motion to Enforce arguing that the IJ did not comply with this Court's Order for failing to consider Petitioner's ability to pay for bond or potential alternatives to monetary bond. ECF No. 13-1 at 7-9. Petitioner argues that "because the IJ's decision provides no insight into how the IJ landed on $21,000 and no assurances that consideration of Mr. Gomez's financial circumstances helped guide that reasoning, this decision ran afoul of this Court's Order." *Id.* at 9. Petitioner also argues that "the IJ's bond decision is even more deficient with respect to this Court's requirement that the IJ 'consider alternative conditions of release.'" *Id.*

In their Opposition, Respondents state that they complied with the Court's Order because "the IJ has wide discretion to make the determination as to whether Petitioner is a flight risk as established by *Matter of Guerra*" including "whether or not Petitioner has an adequate sponsor." ECF No. 15 at 2-3. Notably, Respondents fail to respond to Petitioner's argument that the IJ failed to consider "alternative conditions of release" as required by this Court's June 5, 2026, Order. Respondents also argue that Petitioner has failed to

exhaust his administrative remedies. However, because the Court finds the Immigration Judge failed to follow its Habeas Order, the Court retains jurisdiction to enforce its judgment. *See, e.g.*, *Diallo v. Casey*, No. 26-cv-2167-RSH-BLM, 2026 WL 1834391, at *2 (S.D. Cal. June 25, 2026) ("Irrespective of the prudential exhaustion doctrine, however, the Court retains jurisdiction to determine whether a party has complied with its earlier habeas order." (citing *Leonardo,* 646 F.3d at 1161)).

The Court agrees that the IJ did not consider alternative conditions of release pursuant to this Court's Order. The Court's June 5, 2026 Order explicitly stated in relevant part that: "The immigration judge shall consider alternative conditions of release and Petitioner's ability to pay bond if he determines bond is appropriate." ECF No. 10 at 5. Here, although the IJ determined that Petitioner's "significant risk of flight" can be mitigated with a bond of $21,000, the IJ failed to consider whether any alternative conditions of release such as electronic monitoring, reporting requirements, ICE's Intensive Supervision Appearance Program, or other restrictions "would suffice to ensure [Petitioner's] future appearance." *Hernandez v. Sessions*, 872 F.3d at 983, 990-91 n.18; *see also Singh v. Holder*, 638 F.3d at 1203.

In sum, the Court finds the IJ failed to follow this Court's Habeas Order. The IJ failed to consider alternative conditions of release in direct violation of this Court's Order. Because the Court finds the immigration judge failed to follow its order by not considering alternative conditions of release, the Court **GRANTS** the Motion to Enforce. ECF No. 13.

**2. Remedy**

"Habeas is at its core a remedy for unlawful executive detention. The typical remedy for such detention is, of course, release." *Munaf v. Geren*, 553 U.S. 674, 693 (2008). "Federal courts have a fair amount of flexibility in fashioning specific habeas relief." *Burnett v. Lampert*, 432 F.3d 996, 999 (9th Cir. 2005). Indeed, federal courts have broad discretion to remedy unlawful detention "as law and justice require." 28 U.S.C. § 2243; *Schlup v. Delo*, 513 U.S. 298, 319 (1995) ("[H]abeas corpus, is at is core, an equitable

remedy"). "Moreover, . . . equitable remedies are a special blend of what is necessary, what is fair, and what is workable." *Lemon v. Kurtzman*, 411 U.S. 192, 200 (1973).

Based on the facts of this case, "another bond hearing would serve little purpose and would only prolong a detention that has already become constitutionally problematic." *Zheng v. Rokosky*, No. 26-CV-01689, 2026 WL 800203, at *11 (D.N.J. Mar. 23, 2026). Petitioner entered the United States to seek asylum and has been detained at Otay Mesa Detention Center since November 2025. ECF No. 13-2 ¶¶ 2-3. Petitioner has appealed the IJ's bond order to the Board of Immigration Appeals, but Petitioner's counsel submitted a declaration stating that such appeals typically take four to six months for the BIA to resolve. ECF No. 13-1 at 3; *see also* Medeiros Decl. ¶ 6. While Petitioner's appeal is pending to the BIA, in the interim, he has been detained for approximately nine months. There is no evidence in the record that Petitioner is a danger to the community. Accordingly, the Court finds immediate release to be the appropriate remedy based on the violation of this Court's Order. *See Tiboko-Tifuh*, 2026 WL 1603795, at *4 (finding release was appropriate where the respondents did not comply with a prior order requiring a compliant bond hearing); *see also Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) ("[T]he traditional function of the writ is to secure release from illegal custody.").

Accordingly, the Court **ORDERS** that Petitioner be released forthwith, subject to appropriate conditions of supervision at the discretion of Respondents. The Clerk of Court shall enter judgment in Petitioner's favor and close this case.

**IT IS SO ORDERED**.

Dated: September 4, 2026

Honorable Linda Lopez
United States District Judge